IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

OCT - 3 2016

Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| ROBERT ALWOOD,<br><br>Plaintiff,<br><br>vs.<br><br>ECOLAB, INC.,<br><br>Defendant. | CV 14-101-BLG-SPW<br><br>ORDER |

The parties have filed numerous motions in limine in preparation for the final pretrial conference. This Order will set forth the Court's ruling on those motions.

I. **Background**

The parties are familiar with the underlying facts and their arguments related to each motion. The Court will recite such facts and arguments only as necessary to explain its rulings.

II. **Legal Standard**

A motion in limine "is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). District courts have broad discretion to make evidentiary rulings conducive to the conduct of a fair and orderly trial. *Amarel v. Connell*, 102

1

F.3d 1494, 1515 (9th Cir. 1996). This wide discretion includes determinations of relevancy and weighing the probative value of proffered evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). "To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827, at *1 (D. Mont. 2010) (citation omitted). Finally, rulings on motions in limine are provisional and "not binding on the trial judge [who] may always change [her] mind during the course of a trial." *Id.* (citation omitted).

## III. Discussion

### A. Plaintiff's Motions in Limine

#### 1. Alwood's Motion in Limine #1

Alwood's first Motion in Limine seeks the exclusion of his allegedly deteriorating performance in 2012 and 2013. (Doc. 60 at 2). Alwood contends that this evidence is not relevant, unfairly prejudicial and risks confusing the jury. (Doc. 60 at 8). Ecolab asserts the evidence is relevant to its undue hardship defense, it provides the jury with Alwood's motivations for his leave of absence, and it is not unduly confusing or prejudicial. (Doc. 64 at 5, 8, 10).

Alwood first argues that under Montana law, "the reasons for discharge other than those set forth in a discharge letter are irrelevant and thus inadmissible." The cases Alwood cites for this rule, however, are wrongful discharge cases. The

2

Court dismissed Alwood's wrongful discharge claim on September 12, 2016, (Doc. 76), and Alwood has not provided any case law indicating this rule applies in retaliation or discrimination claims. The Court rejects this argument.

Alwood argues that the information is irrelevant because Ecolab has claimed it decided to fill Alwood's position while he was on disability leave because "problems in the District worsened while Alwood was on leave, and because Ecolab did not know when, or even whether, Alwood would return." (Doc. 60 at 8). Alwood contends that this is an admission by Ecolab that Alwood's performance deficiencies in 2012 and 2013 lack relevance because they had nothing to do with its decision to replace him. Ecolab argues that his job performance prior to his leave of absence caused problems within the Billings Division, which were then exacerbated by his absence. Ecolab argues that this timeline is critical to its undue hardship defense.

Montana law provides for an undue hardship defense to disability accommodation and retaliation claims. *See* Mont. Admin. R. 24.9.606. The Montana Human Rights Act forbids discrimination or retaliation on the basis of disability if an employer does "not make reasonable accommodations that are required by an otherwise qualified person who has a physical or mental disability." Mont. Code Ann. § 49-2-101(19)(b); *see also Rolison v. Bozeman Deaconess Health Services, Inc.*, 11 P.3d 202, 207 (2005). Accordingly, Ecolab must be able

to present "legitimate, non-discriminatory" reasons for its employment decisions, *id.,* or otherwise be able to explain why such accommodations would impose an undue burden on the employer. *See* Mont. Admin. R. 24.9.606. Here, the Court agrees with Ecolab that because Alwood was the head of the Billings District as district manager, evidence regarding his job performance as it relates to the health of the Billings Division leading up to the time of his replacement is relevant, is not unduly prejudicial, and should be allowed at trial. Alwood's Motion in Limine #1 is DENIED.

### 2. Alwood's Motion in Limine #2

Alwood's second Motion in Limine seeks to exclude statements he made to his therapist about pursuing litigation. (Doc. 60 at 2). Alwood argues that these statements are prejudicial and irrelevant because they improperly suggest to the jury that he is litigious. (*Id.* at 12). Ecolab argues that it intends to use the statements to prove that Alwood brought his current suit as a pretext for suing Ecolab for earlier perceived injuries. (Doc. 64 at 13).

Ecolab argues a distinction without a difference. Regardless of whether Ecolab uses the statements to show that Alwood intended to bring a lawsuit for his current injuries, or for earlier perceived injuries, the overall effect is the same. That is, to show the jury that Alwood planned to sue Ecolab for something. As

4

*Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir.1988) (citations omitted), has said:

> The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent.

The Court agrees with this reasoning and therefore holds that no evidence will be admissible at trial as a vehicle for demonstrating Alwood's purportedly litigious nature. Such evidence is highly likely to unfairly prejudice the jury, and that possibility substantially outweighs its negligible probative value to the issues at stake in the lawsuit. Alwood's Motion in Limine #2 is GRANTED.

### B.  Defendant's Motions in Limine

#### 1.  Ecolab's Motion in Limine #1

Ecolab's first Motion in Limine seeks to exclude the November 12, 2013 Physician's Statement of Disability completed by Karen Kietzman. (Doc. 61 at 2). Ecolab argues that the statement is irrelevant and prejudicial and Alwood did not timely produce the document. Alwood contends that Ecolab's arguments go to the weight of the evidence, not to its admissibility. The Court agrees. Ecolab is free to point out to the jury that Alwood did not submit the statement of disability until after Ecolab had replaced him as district manager, but the relevance of the disability statement outweighs any risk of prejudice. Alwood disclosed the statement before the close of discovery, so timeliness is not an issue. Having

5

received the document before the close of discovery, Ecolab could have moved the court to extend the discovery deadline so that it could reopen depositions. Raising the issue for the first time in its motion in limine is insufficient. Ecolab's Motion in Limine #1 is DENIED.

### 2. Ecolab's Motion in Limine #2

Ecolab's second Motion in Limine seeks to exclude statements in the MDLI's Final Investigative Report that Shelly Burgess was informed that Alwood's treatment would last eight weeks. (Doc. 61 at 2). Ecolab contends the statements in the report constitute inadmissible hearsay. (Doc. 62 at 15). Alwood contends that the statements in the report do not constitute inadmissible hearsay for three reasons.

The Court's ruling on this issue depends on the testimony at trial, therefore, the motion is premature. Ecolab's Motion in Limine #2 is DENIED.

### 3. Ecolab's Motion in Limine #3

Ecolab's third motion in limine seeks to exclude evidence and testimony suggesting that Alwood was terminated for filing a Charge with the Montana Department of Labor and Industry. (Doc. 61 at 2). Ecolab asserts that this Court previously concluded Alwood failed to plead that Ecolab retaliated against him for filing a discrimination complaint with the MDLI. (Doc. 73 at 10). Ecolab is correct. Accordingly, Ecolab's Motion in Limine #3 is GRANTED.

### 4. Ecolab's Motion in Limine #4

Ecolab's fourth motion in limine seeks to exclude evidence and testimony suggesting that Ecolab engaged in unlawful or unfair payment practices towards any of its employees. (Doc. 61 at 2). Alwood does not object to this motion. (Doc. 67 at 1). Accordingly, the Court GRANTS Ecolab's Motion in Limine #4.

### III. Conclusion

**For the foregoing reasons, IT IS ORDERED that:**

1. Alwood's Motions in Limine (Doc. 60) are DENIED in part (Motion in Limine No. #1) and GRANTED in part (Motion in Limine #2).

2. Ecolab's Motions in Limine (Doc. 61) are DENIED in part (Motion in Limine #1, 2) and GRANTED in part (Motions in Limine #3, 4).

DATED this 3rd day of October 2016.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge